ROTHENBERG, J.
(dissenting).
While I agree with the majority and the defendant that the State’s comment in its closing argument was an impermissible comment on the defendant’s right to remain silent, I respectfully disagree with the majority’s conclusion that reversal is required.
In State v. DiGuilio, 491 So.2d 1129, 1137-38 (Fla.1986), the Florida Supreme Court held that improper comments regarding a defendant’s invocation of his right to remain silent are subject to a harmless error analysis and need not require reversal if the court is convinced beyond a reasonable doubt that the error did not contribute to the verdict. Thus, a motion for mistrial “should be granted only when it is necessary to ensure that the defendant receives a fair trial.” Goodwin v. State, 751 So.2d 537, 547 (Fla.1999) (quoting Cole v. State, 701 So.2d 845, 853 (Fla.1997)). A trial court’s ruling on a motion for mistrial, which the trial court denied in the instant case, is subject to an abuse of discretion standard of review. See Goodwin, 751 So.2d at 546.
In applying a harmless error analysis, the court must examine both the permissible evidence on which the jury could have relied and the impermissible evidence, with the focus being on the effect of the error on the trier-of-fact. Fitzpatrick v. State, 900 So.2d 495, 517 (Fla.2005).
In Fitzpatrick, the detective who interviewed the defendant testified that during his initial interview with the defendant, the defendant mentioned that he thought he needed an attorney. Fitzpatrick argued on appeal that his motion for mistrial should have been granted to ensure that he received a fair trial. Id. at 516. While the Florida Supreme Court found that the comment was “fairly susceptible of being interpreted by the jury as a comment on silence,” id., it concluded, that based upon the overwhelming permissible evidence of Fitzpatrick’s guilt and the fact that “the impermissible remark was neither repeated nor emphasized,” the “isolated and singular comment [did] not constitute harmful error.” Id. at 517.
Similarly, in Jones v. State, 748 So.2d 1012, 1021-22 (Fla.1999), the Florida Supreme Court concluded that although the detective impermissibly commented on the defendant’s right to remain silent where he testified that he terminated his interrogation of Jones when Jones invoked his right to remain silent, the error was harmless beyond a reasonable doubt. In applying the harmless error analysis, the Florida Supreme Court noted the permissible evidence introduced at trial, and that the remark was neither repeated nor emphasized. Id. at 1022.
I submit that based upon the majority’s very thorough recitation of the permissible evidence introduced at trial, the evidence overwhelmingly establishes the defendant’s guilt. Because the impermissible comment was neither highlighted nor repeated and the context in which it was made did not suggest any negative inference regarding the defendant’s right to remain silent, I would conclude, as did the Florida Supreme Court, in DiGuilio, Fitzpatrick, and Jones, that the error was harmless beyond a reasonable doubt. The context in which the statement was made was that although the defendant had many important rights: the right to a jury trial, the right to remain silent, and the right to confront the witnesses against him, he did not have the right to commit a crime.
While the majority recognizes the Florida Supreme Court’s holdings in Fitzpatrick and Jones, it attempts to distinguish those cases on the basis that the improper comments were made by witnesses rather than the prosecutor, as is *47 the situation in the instant case. The manner in which the comment was made, is however, simply a factor to consider when weighing the possible effect the impermissible statement might have had upon the trier of fact. I submit it is not a distinction that simply ends the analysis.
Because an examination of the permissible evidence establishes the defendant’s guilt, and the impermissible evidence, which in this case was an isolated comment that did not suggest an improper inference and was not highlighted nor repeated, the error was harmless beyond a reasonable doubt. Thus, I respectfully disagree that reversal is required and with the majority’s conclusion that the trial court abused its discretion in denying the defendant’s motion for mistrial.